UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTORIA GLEASON,

      Plaintiff,

v.

      Case No. 23-cv-11337
      Hon. Matthew F. Leitman

TARGET CORPORATION,

      Defendant.
_____/

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (ECF No. 22)**

In this action, Plaintiff Victoria Gleason asserts claims against Defendant Target Corporation ("Target") as a result of injuries that she sustained when she slipped and fell in a Target store. (*See* Compl., ECF No. 1-2.) Target has now filed a motion for summary judgment. (*See* Mot., ECF No. 22.) For the reasons explained below, the motion is **GRANTED**.

**I**

**A**

On March 4, 2023, Gleason entered a Target store to purchase Gatorade. (*See* Pl.'s Dep. at 47:13, ECF No. 22-3, PageID.261.) Once inside, she went to retrieve a shopping cart and noticed that some carts had snow on them. (*See id.* at 52:13-20, PageID.266.) She selected a cart "devoid of snow" and began shopping. (*Id.*)

1

In one aisle of the store, Gleason slipped and fell, fracturing her kneecap. (*See id.* at 41:1-6, PageID.255.) After the fall, Gleason got up, purchased her items with an in-person cashier, and left the store. (*See id.* at 59:3-61:25, PageID.273-275.) She did not report her fall to anyone at Target until later that night. (*See id.* at 61:23-25, 64:4-5, 67:18-23 PageID.275, 278, 281.)

Gleason believes that she slipped on water left on the floor inside the store (*see id.* at 53:10-55:10), but her deposition testimony reveals that she does not have any evidence to support that belief:

> Q: Did you make any determination or see any liquid on the floor leaving the cart area up to the area where you fell?
>
> A: I wasn't looking for it.
>
> Q: So would it be fair you didn't make any determination at that time?
>
> A: Correct.
>
> [ . . . ]
>
> Q: Are you in a position today to somehow make a link between the condition of the carts that you saw that you say were filled with snow and the area of the floor where you slipped and fell?
>
> A: I believe that's exactly what happened, but I cannot – I wasn't sitting there watching every single cart. But I'm making that connection.
>
> Q: That's your belief?

2

A: That is absolutely my belief.

Q: Okay. Did you see the residue of snow or discolored liquid on the floor where you believe you slipped and fell?

A: I did not see any.

Q: Did you see any liquid on the floor area where you believe you slipped and fell?

MR. FRASIER: Before or after she slipped and fell? Are you talking about when she's approaching it or after she fell?

MR. WILLIAMS: As you're approaching.

[PLAINTIFF]: I didn't look at the floor. I was walking.

MR. WILLIAMS: Okay. So you did not make a determination of whether liquid was on the floor as you were making your approach; fair?

A: Fair.

Q: After you[r] fall did you make any determination that there was liquid on the floor?

A: I did not, because I was in so much pain.

Q: At any time when you were in the area of your fall did you see any liquid on the floor?

A: Was not looking at the floor.

Q: Does that mean you did not see any liquid?

3

  A:  That is correct.

[ . . . ]

  Q:  Okay. You're walking, then all of a sudden you're down on both knees?

  A: Yes.

  Q:  You don't really know how you got down on both knees?

  A:  I have a theory, but, no, I don't.

  Q:  What's your theory?

  A:  I believe that there was something on the floor that I slipped on.

  Q:  So you don't know if it was liquid or not?

  A:  Correct.[1]

(*See id.* at 53:10-55:10, PageID.267-269; 58:18-24, PageID.272.)

B

On May 1, 2023, Gleason filed this action against Target in the Wayne County Circuit Court for the State of Michigan. (*See* Compl., ECF No. 1-2.) Target thereafter removed the action to this Court and demonstrated that the Court has subject-matter jurisdiction because (1) there is complete diversity of citizenship

---

[1] In addition, Gleason could not say whether or how many people around her had carts, let alone whether those carts had snow on them. (*See* Pl.'s Dep. at 47:13, ECF No. 22-3, PageID.261.)

4

among the parties and (2) the amount in controversy exceeds $75,000.00. (*See* Notice of Removal, ECF No. 1.)

Gleason's Complaint asserts three claims against Target: premises liability, gross negligence, and nuisance. (*See* Compl., ECF No. 1-2.) The parties agree that all of the claims arise under, and are governed by, Michigan substantive law.

On May 3, 2024, Target filed a motion for summary judgment. (*See* Mot., ECF No. 22.) The Court concludes that it may resolve the motion without oral argument. *See* Local Rule 7.1(f)(2).

## II

Target seeks summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Under that rule, a movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact." *SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 326-27 (6th Cir. 2013) (quoting Fed. R. Civ. P. 56). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* But "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251–52.

III

A

The Court begins with Gleason's premises liability claim. "In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Est. of Goodwin by Goodwin v. Nw. Michigan Fair Ass'n*, 923 N.W.2d 894, 915 (Mich. Ct. App. 2018) (quoting *Benton v. Dart Props. Inc.*, 715 N.W.2d 335, 338 (Mich. Ct. App. 2006)). Target is entitled to summary judgment on Gleason's premises liability claim because Gleason has no evidence that Target breached a duty it owed to her.

Under Michigan law, "[w]ith regard to invitees [like Gleason here], a landowner owes a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land." *Hoffner v. Lanctoe*, 821 N.W.2d 88, 94 (Mich. 2012). A landowner breaches this duty when it "knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Id.*

There is no evidence in this record that Target (1) created an unreasonably dangerous condition or (2) knew or should have known that such a condition existed

6

at the time of Gleason's fall. Indeed, the record does not contain evidence that an unreasonably dangerous condition existed at all. As set forth in detail above, Gleason admitted during her deposition that she does not know why she fell. She simply surmises that she slipped on melted snow that had fallen from shopping carts. But her supposition is not sufficient to create a material factual dispute as to whether there was an unreasonably dangerous condition on Target's premises. For all of these reasons, Target is entitled to summary judgment on Gleason's premises liability claim.

**B**

The Court next turns to Gleason's claim for gross negligence. The Court concludes that Target is entitled to summary judgment on this claim.

There is a real question as to whether Michigan law recognizes a common law claim for gross negligence like the one asserted by Gleason. *See Johnson v. Williams*, No. 15-13856, 2017 WL 4236548, at *16 (E.D. Mich. Sept. 25, 2017) ("[W]hile gross negligence is an important substantive concept under Michigan law, there is no independent cause of action for gross negligence."). But if a cause of action for gross negligence does exist under Michigan law, Gleason's gross negligence claim would fail because the evidence is insufficient to create a material factual dispute as to whether Target was grossly negligent.

7

"Gross negligence . . . has been defined to exist when the following conditions are present: '(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another.'" *Taylor v. Mathews*, 198 N.W.2d 843, 847 (Mich. Ct. App. 1972) (quoting *Willett v. Smith*, 244 N.W. 246, 246 (Mich. 1932)). Here, as explained above, Gleason has presented no evidence that Target knew of or created any dangerous condition within its premises (or, again, that such condition even existed), and thus she cannot possibly establish that Target engaged in grossly negligent conduct. Target is therefore entitled to summary judgment on Gleason's gross negligence claim.

## C

The Court concludes with Gleason's nuisance claim. In its brief, Target argued at length as to why Gleason's nuisance claim fails as a matter of law. (*See* Mot., ECF No. 22, PageID.201, citing, *inter alia*, *McAuliffe v. La Villa Restaurant*, No. 323407, 2016 WL 4268243, at *4 (Mich. Ct. App. Aug. 11, 2016)).

Gleason has not responded nor attempted to defend her nuisance claim. Her nuisance claim is thus forfeited. *See Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) ("This Court's jurisprudence on abandonment of claims is

8

clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment.") (collecting cases holding same).

In any event, the Court agrees with Target that the claim fails as a matter of law. "Historically, Michigan has recognized two distinct versions of nuisance, public nuisance and private nuisance." *Adkins v. Thomas Solvent Co.*, 487 N.W.2d 715, 719 (Mich. 1992). Gleason cannot establish either "version" here.

"A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land." *Id.* Gleason does not allege that Target interfered with the use and enjoyment of her land, and thus she may not maintain a claim for a private nuisance. *See Marble v. Dobson*, No. 204535, 1998 WL 1989918, at *1 n.1 (Mich. Ct. App. Sept. 18, 1998) (explaining that a plaintiff who suffered an injury after falling into a pothole "clearly" had "no cause of action for a private nuisance" because "no land owned by plaintiff [was] involved" in his claim).

"A public nuisance involves the *unreasonable* interference with a *right common to all members of the general public*." *Sholberg v. Truman*, 852 N.W.2d 89, 92 (Mich. 2014) (emphasis added). Thus, to be a public nuisance, an activity or condition "must be harmful to the public health; or create an interference in the use of a way of travel; or affect public morals; or prevent the public from the peaceful use of their land and the public streets." *Garfield Twp. v. Young*, 82 N.W.2d 876,

9

879 (Mich. 1957) (citations omitted). And the interference with these public rights must be "significant" for a condition to rise to the level of a public nuisance. *Cloverleaf Car Co. v. Phillips Petroleum Co.*, 540 N.W.2d 297, 300 (Mich. Ct. App. 1995).

Gleason has pointed to no evidence indicating that the conditions in Target's store fall within any of the categories of "public nuisance" recognized by the Michigan Supreme Court. Indeed, the only category that even arguably applies is "harm to the public health," but Gleason has put forth no evidence establishing that the conditions leading to her fall presented harm to the public health. As set forth above, Gleason did not see any liquid on the floor where she fell. And, even if there had been water on the floor, that condition stands in sharp contrast to the conditions and/or activities that have been deemed sufficiently threatening to the public health to constitute a public nuisance. *See, e.g., Organic Chem. Site PRP Grp. v. Total Petroleum Inc.*, 58 F.Supp.2d 755, 765 (W.D. Mich. 1999) (release of hazardous chemicals could pose sufficient threat to public health to constitute public nuisance); *Norton Shores v. Carr*, 265 N.W.2d 802, 806 (Mich. Ct. App. 1978) (business operation that caused black dirt dust to blow off of property constituted public nuisance). Under these circumstances, the conditions in Target's store do not amount to a public nuisance. Target is therefore entitled to summary judgment on Gleason's nuisance claim.

## IV

For all of the reasons stated above, Target's motion for summary judgment (ECF No. 22) is **GRANTED**.

**IT IS SO ORDERED.**

                                                   s/Matthew F. Leitman  
                                                   MATTHEW F. LEITMAN  
                                                   UNITED STATES DISTRICT JUDGE

Dated:  November 21, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 21, 2024, by electronic means and/or ordinary mail.

                                                 s/Holly A. Ryan  
                                                 Case Manager  
                                                 (313) 234-5126